UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANWAR I. QADEER, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | MISCELLANEOUS ACTION H-10-294 |
| | § | |
| FARMERS INSURANCE EXCHANGE, | § | |
| | § | |
|    *Defendant*. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is defendant Farmers Insurance Exchange's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 2. Plaintiff Anwar I. Qadeer filed a request for appointment of umpire on the court's miscellaneous docket. Dkt. 1. Farmers then filed its motion to dismiss and accompanying memorandum (Dkt. 2, 3), claiming that the court lacks subject matter jurisdiction. Qadeer timely filed a response (Dkt. 4), and Farmers filed a reply (Dkt. 5). Having considered the arguments of the parties and applicable law, the court finds that it lacks subject matter jurisdiction to appoint an umpire and therefore GRANTS Farmers' motion to dismiss.

**I. BACKGROUND**

Qadeer owns a home in Harris county that sustained damage during Hurricane Ike. Dkt. 1. Qadeer filed a claim with Farmers under his residential property insurance policy. *Id.* The parties disagreed about the amount of loss. *Id.* Under the policy, if the parties disagree about the amount of loss, each party must select a "competent, independent appraiser," and the two appraisers then choose an umpire. Dkt. 1 & Exh. 2. Both Qadeer and Farmers selected appraisers, but the appraisers cannot agree upon an umpire. Dkt. 1. According to the terms of the policy, if the appraisers cannot agree upon an umpire within 15 days, the policy holder "may request that the

choice be made by a judge of a district court of a judicial district where the loss occurred." Dkt. 1 & Exh. 2. Qadeer filed a request for an appointment of an arbitrator in this court, as it is "a district court of a judicial district where the loss occurred." Farmers filed a motion to dismiss, claiming that this court does not have subject matter jurisdiction and therefore cannot address Qadeer's miscellaneous request.

## II. ANALYSIS

Federal "courts are courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'" *EPPS v. Bexas-Medina-Atascoca Counties Water Improvement Distr.*, 665 F.2d 594, 595 (5th Cir. 1982) (quoting *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981)). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have "diversity jurisdiction" when the matter in controversy exceeds $75,000.00 and is between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332.

Qadeer alleges that there is complete diversity between himself and Farmers and that the insurance claim exceeds $75,000.00. Dkt. 1. Farmers contends that diversity does not exist because it is a reciprocal or interinsurance exchange that does business under the laws of Texas and that its members or subscribers reside in Texas. Dkt. 2. "A reciprocal insurance exchange is considered to have the citizenship of its members for diversity purposes in federal court." *True v. Robles*, 571

2

F.3d 412, 422 n.2 (5th Cir. 2009). Since Qadeer and Farmers are thus both "citizens" of Texas for diversity jurisdiction purposes, diversity jurisdiction does not exist.

Qadeer argues that the court has jurisdiction to grant his request whether there is diversity or not because he is merely requesting a ministerial act pursuant to the contract and that "jurisdiction for this proceeding is specified within the appraisal clause of the contract language between the parties."[1] *Id.* However, parties cannot contractually create federal subject matter jurisdiction. *See Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 851, 106 S. Ct. 3245, 3256-67 (1986) (noting that "parties cannot by consent confer on federal courts subject-matter jurisdiction beyond the limitations imposed by Article III, § 2"); *U.S. v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008) (stating that "it is well established in this circuit that parties cannot confer jurisdiction on a court by agreement"); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("It is true that subject-matter jurisdiction cannot be created by waiver or consent."). Thus, the contractual provision cannot and does not create federal subject matter jurisdiction.

Qadeer cites *In the Matter of the Application of Roberts Company* (*Roberts Company*), 258 N.C. 184, 128 S.E.2d 137 (N.C. 1962), in support of his contention to the contrary. *Roberts Company* is a North Carolina state case in which a judge of the Superior Court was asked to appoint an umpire pursuant to an appraisal clause in an insurance contract. *Id.* The court held that the appointment of an umpire, which could have as easily been done by a "postmaster, minister of the gospel, sheriff, or other personage," "was not a judicial act" and was not subject to appeal. *Id.* Qadeer argues that he, like Roberts Company, is merely requesting that the court to perform a

---

[1] The appraisal clause states that the insured "may request that the choice [of an umpire] be made by a judge of a district court of a judicial district where the loss occurred." Dkt. 4 & Exh. 2. This language could be interpreted as indicating that a federal district court in the Southern District of Texas may appoint an umpire.

ministerial act agreed upon in his insurance contract with Farmers. There are two important distinctions between *Roberts Company* and the instant case. First, *Roberts Company* was heard in a *state court* and therefore has nothing to do with federal jurisdiction. Second, the *Roberts Company* district court judge had jurisdiction to appoint the umpire because it was authorized to do so by a North Carolina statute that governed the provisions of fire insurance policies. *See id.* (indicating that the court's appointment of an umpire was "authorized by statute" because the appraisal clause was in compliance with a North Carolina statute setting forth requirements for fire insurance contracts). Here, the contractual language at issue was not authorized by statute. Thus, *Roberts Company* does not support Qadeer's contentions.

Qadeer's final argument is that this case, having been filed on the miscellaneous docket, is "not a civil action [and] federal court jurisdiction is not required." Dkt. 4. Qadeer cites two "miscellaneous" federal court cases in support of this argument: *Matter of Search of 4330 North 35th Street, Milwaukee, Wisconsin*, 142 F.R.D. 161, 163-64 (E.D. Wis. 1992) and *Carroll v. Homecomings Financial Network*, 294 Fed. Appx. 945 (5th Cir. 2008) (unpublished). *Matter of Search of 4330 North 35th Street, Milwaukee, Wisconsin* involved a miscellaneous request submitted to a magistrate for the return of cash seized during a search warrant. The request was filed under Federal Rule of Criminal Procedure 41(e). Rule 41 specifically bestows authority upon magistrate judges to issue warrants. *See* Fed. R. Crim. P. 41. Thus, the court's jurisdiction was grounded on the rule (approved by Congress), not on the fact that the request was filed on the miscellaneous docket. In the second case, *Carroll*, the plaintiff filed a miscellaneous request with the district court for relief from contracts entered into prior to her military service pursuant to a federal statute—the Servicemembers Civil Relief Act. *See Carroll*, 294 Fed. Appx. at 945 (citing 50 App. U.S.C. § 591). Since the *Carroll* plaintiff was requesting relief pursuant to a federal statute, the district court had

4

federal question jurisdiction. *See* 28 U.S.C. § 1331. Thus, the courts in both of the cases had jurisdiction pursuant to an Act of Congress. Here, Qadeer can point to no Act of Congress upon which this court may base the exercise of jurisdiction. Accordingly, the court cannot grant the relief requested.

### III. CONCLUSION

Since Congress has not granted jurisdiction to the federal courts to appoint umpires in cases in which the court would otherwise not have jurisdiction, Farmers' motion to dismiss for lack of subject matter jurisdiction is GRANTED, and Qadeer's claim is DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on September 22, 2010.

_____
Gray H. Miller
United States District Judge